Sergey MALTSEV, Petitioner–
Appellant,

v.

ALBANY COUNTY PROBATION
DEPARTMENT, Albany County,
Respondents–Appellees.

No. 06–2561–pr.

United States Court of Appeals,
Second Circuit.

Dec. 24, 2008.

Susan D. Fitzpatrick, Red Hook, NY, for
Petitioner.

Frederick H. Wen, Assistant Attorney
General (Roseann B. MacKechnie, Deputy
Solicitor General for Criminal Matters,
Barbara D. Underwood, Solicitor General,
of counsel), for Andrew M. Cuomo, Attor-
ney General of the State of New York,
New York, NY, for respondents.

Present: Hon. JOSEPH M.
McLAUGHLIN, Hon. RICHARD C.
WESLEY and Hon. PETER W. HALL,
Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Sergey Maltsev,
who in May 2001 pled guilty in Albany
County Court to welfare fraud in the
fourth degree,[1] appeals from a judgment of
the United States District Court for the
Northern District of New York (Sharpe,
J.), dismissing his petition for a writ of
habeas corpus pursuant to 28 U.S.C.
§ 2254. On March 7, 2007, this Court
granted Petitioner a limited certificate of
appealability, and instructed the parties to
address whether: (1) Petitioner "exhaust-
ed his available state remedies with re-

---

1. Welfare fraud in the fourth degree requires
the commission of a "fraudulent welfare act,"
see N.Y. Penal Law § 158.10, which is further
defined as *"knowingly and with intent to de-
fraud,* engaging in an act or acts pursuant to
which a person ... makes a false statement
or provides false information for the purpose

of (i) establishing or maintaining eligibility for
public assistance benefits or (ii) increasing or
preventing reduction of public assistance ben-
efits, and such statement or information is
material," *see id.* § 158.00(b)(3) (emphasis
added).

spect to his claim that his plea was not voluntary because he was never informed of the intent element of the charge and, if not exhausted, whether this Court should review the claim on the merits," and (2) "the state court's determination, that the plea colloquy was sufficient to show that the plea was voluntary, was contrary to or an unreasonable interpretation of *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)." We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

The exhaustion of state remedies is required by 28 U.S.C. § 2254(b) and (c). On appeal, Respondents concede that Petitioner has, in fact, exhausted his available state remedies, leaving the only issue before us whether Petitioner's plea was voluntary because he was never expressly informed on the record of the intent element of the charge.

Under 28 U.S.C. § 2254(d)(1), a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The U.S. Constitution requires that a guilty plea be voluntary. *See, e.g., Henderson,* 426 U.S. at 644–45, 96 S.Ct. 2253. In *Henderson,* the Supreme Court declared that a plea is involuntary, and therefore violates due process, if the defendant does not receive "real notice of the true nature of the charge against him," including notice of the elements of the crime charged. *Id.* at 645, 96 S.Ct. 2253 (quotation marks omitted). This does not mean that "the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitu-

tional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Bradshaw v. Stumpf,* 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). Defense counsel need not make "an express representation" because "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson,* 426 U.S. at 647, 96 S.Ct. 2253.

Here, although Petitioner's plea colloquy lacks a specific reference to the crime's intent element, the record indicates that he understood the nature of the charged crime. Petitioner waived his right to an indictment and pled guilty to a Superior Court information. His counsel stated on the record that he had reviewed the indictment waiver and information with him and "discussed the plea bargain offer with him prior to today ... [and] again ... utilizing the interpreter present." Moreover, Petitioner, through an interpreter, acknowledged that he understood "the charge ... in the Superior Court Information," "discussed the facts and circumstances involved in this case" with counsel, and had discussed with counsel "any defense that [he] might have to this charge as well as [his] legal and constitutional rights." In his allocution, Petitioner admitted that he was "guilty of welfare fraud in the fourth degree." Although it is certainly preferable that the trial judge explain each element of the charge, federal law does not mandate that state courts conduct a "particular interrogatory 'catechism' akin to that required of federal courts by Federal Rule of Criminal Procedure 11." *Hanson v. Phillips,* 442 F.3d 789, 798 (2d Cir.2006). We are satisfied that Petitioner's plea colloquy was sufficient to demonstrate that it

was knowing and voluntary. The state court's review was not an unreasonable application of *Henderson*.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby

AFFIRMED.